IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:26-CT-3036-FL

| | | |
|---|---|---|
| TYRONE DONTE GLADDEN,<br><br>Plaintiff,<br><br>v.<br><br>MS. EVANS, MS. BROWN, and CAPTAIN DOVE,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | ORDER |

Plaintiff, a state inmate proceeding pro se, commenced this action by filing complaint February 10, 2026, asserting claims for violations of his civil rights under 42 U.S.C. § 1983. This matter is before the court for initial review of the complaint under 28 U.S.C. § 1915A.

**COURT'S DISCUSSION**

Section 1915A provides that courts shall review complaints filed by prisoners seeking relief from a governmental entity, officer, or employee of a governmental entity. 28 U.S.C. § 1915A(a). On review, the court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim on which relief may be granted, or if the inmate seeks monetary relief against a defendant who is immune from such relief. Id. § 1915A(b)(1)–(2). To state a claim on which relief may be granted, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550

U.S. at 555. In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

Pro se pleadings should be "liberally construed" and they are "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). Erickson, however, does not undermine the "requirement that a pleading contain more than labels and conclusions." Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quotation omitted).

Here, plaintiff alleges violations of the First Amendment to the United States Constitution against three defendants in both their individual and official capacities. Specifically, plaintiff claims defendants did not respond to grievances he filed about conditions at the facility in which he was held and instead transferred him to another facility, amounting to retaliation for his protected speech. (DE 1 at 5–9). Plaintiff seeks compensatory and punitive damages in an unspecified amount and injunctive relieve in the form of "replac[ing] state officials with people who take their job serious & follow ARP policy." (Id. at 10).

A. First Amendment Claim

The First Amendment includes the right to "petition the Government for a redress of grievances." U.S. Const. amend. I. This clause "protects the right of individuals to appeal to courts and other forums established by the government for resolution of legal disputes." Borough

of Duryea, Pa. v. Guarnieri, 564 U.S. 379, 387 (2011). To state a viable claim under the First Amendment, a plaintiff must show: 1) he engaged in protected First Amendment activity; 2) defendants took action that adversely affected his First Amendment rights; and 3) there was a causal relationship between his protected activity and defendants' conduct. Martin v. Duffy, 858 F.3d 239, 249 (4th Cir. 2017); Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 499 (4th Cir. 2005).

According to plaintiff, he was transferred to Granville Correctional Institution September 23, 2025, and he submitted his first grievance that same day regarding vents above the dormitory door which were clogged with dust. (DE 1 at 6). Plaintiff resubmitted his grievance to his case manager, defendant Brown, September 28, 2025. (Id. at 7). Plaintiff wrote a letter to the unit manager, defendant Evans, September 29, 2025, and again October 1, 2025, and October 2, 2025, each without receiving a response. (Id.). Plaintiff wrote defendant Evans again October 6, 2025, and that day was told by Sergeant Goodman that "submitting a lot of grievances is a quick way to get transferred away from there." (Id.). On October 7, 2025, plaintiff wrote to defendant Dove after Dove had told plaintiff to write and resubmit plaintiff's grievance to her. (Id.). Plaintiff was transferred to Lumberton Correctional Institution three days later "without [his] grievance being addressed." (Id.).

Under the First Amendment, plaintiff has the right "to file a prison grievance free from retaliation." Booker v. S.C. Dep't of Corr., 855 F.3d 533, 545 (4th Cir. 2017). Thus, plaintiff meets the first element of a First Amendment claim because he engaged in protected First Amendment activity. Under the second element, for purposes of a First Amendment retaliation claim, "a plaintiff suffers adverse action if the defendant's allegedly retaliatory conduct would

likely deter 'a person of ordinary firmness' from the exercise of First Amendment rights." Constantine, 411 F.3d at 500. This requires showing "that the defendant's conduct resulted in something more than a 'de minimis inconvenience' to [his] exercise of First Amendment rights." Id. (internal citation omitted).

Plaintiff's allegations do not meet the second element. Plaintiff's only claimed injury is that he "was transferred and prevented a proper investigation on a unit level for [his] submitted grievances." (DE 1 at 9). Even when viewed in the light most favorable to plaintiff, plaintiff's allegations do not meet the chilling standard required to state a retaliation claim. See Constantine, 411 F.3d at 500. And plaintiff does not explain how the transfer of plaintiff to another facility after he complained of conditions at the initial facility would deter an ordinary person's exercise of their First Amendment rights.

Moreover, under the third prong of the First Amendment retaliation analysis, plaintiff fails to establish a causal relationship between filing his grievance and the purported misconduct. Though plaintiff alleges Sergeant Goodman told him that "submitting a lot of grievances is a quick way to get transferred away from [Granville Correctional Institution]," (DE 1 at 7), plaintiff does not allege any facts supporting that defendants had reviewed plaintiff's grievances, had the power to transfer plaintiff, or that plaintiff's grievances animated a decision to transfer plaintiff. Plaintiff's First Amendment retaliation claim is therefore insufficient to survive initial review.

## CONCLUSION

Based on the foregoing, plaintiff's complaint is DISMISSED for failure to state a claim pursuant to 28 U.S. C. § 1915A(b)(1).

SO ORDERED, this the 28th day of August, 2026.

LOUISE W. FLANAGAN
United States District Judge